## Case No. 5,692.

### In re GRANT.

[2 N. B. R. 106 (Quarto, 35).] [1]

District Court, D. South Carolina. 1868.

ASSIGNEE IN BANKRUPTCY—APPOINTMENT.

Where an assignee is chosen by the greater part in value and number of the creditors who

---

[1] [Reprinted by permission.]

have proved their claims, and there is no imputation either upon his capacity or integrity, he is assignee by virtue of law, and the judge is not competent to interfere.

[In bankruptcy. In the matter of John G. Grant.]

By R. B. Carpenter, Register:

This being the day appointed by the court for the first meeting of creditors, I sat at the time and place above mentioned, among other things, for choice of assignee. The only claim proved was that of Hudson & Townsend, attorneys at law, for about one hundred and seventy-five dollars, subject to a deduction, as stated in the deposition, of an unknown sum, supposed to be fifteen or twenty dollars. These creditors, by their attorney in fact, J. Barrett Cohen, Esq., voted for D. D. McCall, of Bennettsville, S. C., as assignee of said estate. C. P. Townsend, Esq., attorney for the petitioner, objected to the appointment, on the ground that Mr. McRae had been recommended by all the bar, including Hudson & Townsend themselves; had given up other business and devoted himself to this business; that he has been elected and appointed in all the cases in the district; and that he is a man of high character, honest and capable, and that to make this case an exception would be disparaging to him, and that the amount due to Hudson & Townsend is much less than is stated by them, and that their claim is insignificant beside the whole amount of the debts—about five thousand dollars; that the creditors holding securities represent about five thousand dollars. Considering these objections, and that the interest, although that of the bankrupt is an opposing one, I do hereby certify the facts to the court for its action in the premises, simply adding that Mr. McRae is an efficient assignee, and that I would appoint him if I had the power.

---

## Case No. 5,693.

### In re GRANT.

[2 Story, 312; [1] 5 Law Rep. 11.]

Circuit Court, D. Massachusetts. March 19, 1842.

BANKRUPT—DISCHARGE—ALLOWANCE FOR SUPPORT—PROPERTY OF WIFE—TRUSTS—GIFTS.

1. It seems that a person who has been declared a bankrupt, under the late act of congress [5 Stat. 440], may enter into business and hold property, subject to the contingency of obtaining a discharge.

[Cited in Spalding v. Dixon, 21 Vt. 47.]

---

[1] [Reported by William W. Story, Esq.]

2. The court has no authority to order an allowance to the bankrupt for the support of himself and family; but the assignee may make such allowance, not exceeding the sum of three hundred dollars; and he may also allow the bankrupt any reasonable sum for taking charge of the property.

[Cited in Re Ludlow, Case No. 8,599; Re Fortune, Id. 4,955; Re Hay, Id. 6.253; Re Thompson, Id. 13,938; Re Wells, 4 Fed. 71.]

[Cited in Robinson v. Hall, 11 Gray, 484.]

3. In general, the husband becomes entitled to the personal property belonging to the wife at the time of her marriage, unless his marital right be excluded by some express or implied trust; and his creditors may take it in execution or satisfaction of their debts.

[Cited in Woodford v. Stephens, 51 Mo. 444.]

4. Such a trust may be expressly created, or it may be implied from the nature of the gift, or from other attendant and conclusive circumstances.

5. Gifts after marriage, by third persons. may be expressly made for the sole and separate use of the wife, and if the husband consents to her receiving them, he and his creditors are bound by the trust.

[Cited in The State of New York, Case No. 13,328.]

6. In equity. gifts of personal ornaments or jewelry, made by a husband to his wife, for her sole and separate use, will be good against his personal representatives, in case of his death; but not against his own power to reclaim them during his life. nor against the right of his creditors to take them in satisfaction of their debts.

[Cited in Re Ludlow, Case No. 8,599; Carr v. Gale, Id. 2,434.]

7. Mourning rings given by third persons to the wife, after her marriage; are purely personal, and cannot be touched either by the husband or by his creditors.

[Cited in Re Ludlow, Case No. 8,599.]

[Cited in Tilexan v. Wilson, 43 Me. 186.]

8. A parent may make gifts to his children, if they be proper and suitable in his circumstances and condition; if they be not so, they enure to the benefit of his creditors; but if the gifts have been purchased in part by third persons, the assignee, under the bankrupt law, can only claim the amount paid by the father.

[See Backhouse v. Jett, Case No. 710.]

[Appeal from the district court of the United States for the district of Massachusetts.]

Benjamin B. Grant, a bankrupt, filed in the district court his petition, as follows: "And now, Benjamin B. Grant respectfully represents to this honorable court, that on the second day of February last past, and at the time of filing his petition, he was possessed; in his individual capacity. of the sum of twenty-two hundred and fourteen dollars and seventeen cents, in cash. as set forth in his schedule of individual property. annexed to said petition. That he was at that time, and has ever since been entirely out of business, and without the means of daily support. That his family consisted of himself, wife, and two sons of the ages respectively of seventeen and twenty years. That they were. at the time of filing said petition, and have ever since been at board, paying therefor the sum of twenty-one dollars by the week. That from the filing of said petition to the fifteenth day of March following, the day when your petitioner surrendered his property, in compliance with the order of this honorable court, he was compelled to provide for the necessary support of his family. for the space of six weeks, at the rate aforesaid, and having no other means, he paid therefor from out of said sum of twenty-two hundred and fourteen dollars and seventeen cents the sum of one hundred and twenty-six dollars; and your petitioner further states, that his wife is possessed of a watch of about the value of fifty, dollars, presented to her by the petitioner about ten years since. That she has likewise several mourning rings and pins, and a few other articles of jewelry, of the value of about twenty-five dollars, some of which were given her by friends, and others by the petitioner some years since; and one, a mourning ring of the value of about five dollars, given her by the petitioner nearly two years since. And your petitioner further states, that his sons have each a gold watch of the value of about fifty dollars, which were purchased about two years since, with money given by a friend, and with about twenty-eight dollars given to each by the petitioner, out of his private cash. And your petitioner further states, that the assignee of his estate, appointed by this honorable court, demands of him the payment of said sum of one hundred and twenty-six dollars, and requires the delivery to him of said watches and jewelry in the possession of the petitioner's wife and children, as aforesaid. Wherefore your petitioner prays this honorable court to order and direct said assignee to forbear and relinquish said demand of payment of said sum of one hundred and twenty-six dollars, and that said sum may be allowed your petitioner. And further that your petitioner's wife and children may be permitted to retain their said watches and jewelry respectively."

To this petition the assignee filed no answer, submitting himself to the order and decree of the court in the premises. Upon the hearing [case unreported]. the district judge ordered that the following questions be adjourned into the circuit court, to be there heard and determined, namely: 1. Whether, upon the facts stated in said petition, any, and if any, how much of said sum of one hundred and twenty-six dollars shall be allowed to the petitioner? 2. Whether the jewelry and watch of the petitioner's wife shall be retained by her? 3. Whether the watches of the petitioner's sons shall be retained by them respectively?

The questions now came on to be argued. Dehon (with whom was C. G. Loring), in opening the case, said, that the first point in the petition was for allowance for money expended in the necessary support of the petitioner and his family. As soon as the decree of bankruptcy was made by the court,

all the property of the bankrupt was divested from himself, and vested in an assignee, as soon as one was appointed. This related back to the time of the petition, and the effect was, that all the property of the petitioner passed from himself at the moment of filing the petition. Unless, then, some provision was made for him, he would in certain cases be entirely destitute. And there was an opinion sometimes expressed, that the petitioner could not enter into business or hold any property until he receive his discharge, which could never take place until several months after he was declared a bankrupt.

STORY, Circuit Justice. I find nothing of that sort in the law. I know of no reason, why the bankrupt may not enter into business and hold property, subject of course to the contingency of obtaining a discharge; for if the bankrupt fails to obtain a discharge, all his property will at last be subject to the claims of all his creditors.

In regard to the first part of the petition, respecting an allowance to the petitioner for the support of himself and his family, the court has no authority to interfere in the matter. The law is express, that all the property of the bankrupt shall be surrendered, with certain exceptions, which are specifically set forth. By the proviso containing these exceptions, in the third section of the act, the assignee is to designate and set apart "the necessary household and kitchen furniture, and other articles and necessaries of such bankrupt, &c.; not to exceed in value, in any case, the sum of three hundred dollars." Now, under this provision, it is competent for the assignee to make the allowance sought for in the present case; but it can be allowed on no other ground than as a part of the three hundred dollars mentioned in the law.

The counsel for the petitioner here stated, that this claim was made by the petitioner, as compensation for taking care of this property, between the time of filing the petition and the decree of bankruptcy.

STORY, Circuit Justice. That is another and a distinct question. Undoubtedly the assignee may allow the petitioner or any one else a reasonable sum for taking charge of the property. In regard to the watch and jewelry, the rule in bankruptcy is precisely the same as it is in equity. In the first place, as to the personal property belonging to the wife at the time of her marriage, it may be generally stated, that the husband, under and in virtue of the marriage, becomes entitled to it, unless his marital right is excluded by some express or implied trust. No matter how the property has come to the woman before the marriage, whether by gift or by purchase, by gift of her friends, or by purchase from her own funds, unless at the time of the marriage it stands affected by

some trust for her sole and separate and exclusive benefit, it will belong to the husband. It may be affected by an express trust, as by the provisions of a settlement, or by a trust deed, or by the will of a third person; or the trust may be implied from the very nature and character of the gift itself. If there be no such trust, then the husband, immediately after the marriage, may appropriate the property to his own use; and his creditors may take it in execution or satisfaction of their debts. When and under what circumstances a trust, created either expressly, or by implication, before marriage, may be said to remain unextinguished by and after the marriage, is a matter in some cases of considerable nicety. But in all the cases, however varied, the same general principle prevails, which is, to ascertain, whether the nature of the trust, which was originally created, in whatever manner it was so created, is by intendment of law a subsisting trust to continue upon and after the marriage, or not. And it by no means necessarily follows, because the gift before marriage was for the sole and separate use of the woman, that the trust will continue after the marriage, and remain unextinguished. Every thing must here depend upon the character and extent of the trust, according to a just interpretation of its terms, if created by express written documents; or if implied, upon the nature and necessary objects of the gift or bounty, whether they are purely and peculiarly personal to the lady, or not.

Personal property, although given to a woman for her sole and separate use before marriage, necessarily belongs to her in absolute propriety and title, and she has the absolute power to dispose of it, as she pleases, while she remains unmarried. That power ceases upon her marriage; and the same absolute right of property and ownership therein then becomes vested in her husband, unless, indeed, it was originally given in trust for her sole and separate personal use after the marriage, and without any right of interference of her then intended husband, or of any future husband. Such a trust may be expressly created, or it may be implied from the nature of the gift, or from other attendant and conclusive circumstances. But it cannot be implied from doubtful circumstances, or from facts, which are equally reconcilable with the supposition, that she might have, and should have a right, to part with the same in favor of her husband upon the marriage. Gifts made after marriage by third persons may also be expressly given for the sole and separate use of the wife, independent of her husband; and when so given, if the husband consents to her receiving the gifts, he and his creditors are bound by the trust. But the nature of the gift by a third person may equally as clearly establish the intent, that it is to be in trust for the sole and separate use of the wife during the mar-

riage, as if it were positively so expressed; and then the trust will equally attach to and regulate the gift, and bind the husband and his creditors. Neither of them can dispose of any such gift; but it remains the sole property of the wife under the trust, whether it be express or be implied. Nothing can be more clear than that property, held in trust by the husband, is not subject to the debts of the husband, or liable to his creditors. The trust adheres to the property throughout for the benefit of the wife, or other person, who is beneficially entitled to it. But gifts made by the husband to the wife after and during the marriage, admit of a different consideration, with the exception of her wearing apparel. They are not strictly at law capable of taking effect; for the husband and wife are, in contemplation of law, but one person, and are therefore incapable of contracting with, or making gifts to, each other. In equity, however, it is otherwise; and the husband may make gifts to his wife of personal ornaments or jewelry for her sole and separate use, which will be good against his representatives in case of his death; but not good against his own power to reclaim them during his life; nor good against the rights of his creditors to take them in satisfaction of their debts; · for here the rule is, that the husband must be just before he is generous. So if the husband dies insolvent, the creditors have a · right to take such gifts in satisfaction of their debts. But if his estate is solvent, then, although, in strictness, the creditors may take such gifts in satisfaction of their debts, yet they are not bound to do so; and if the creditors do take them, then the wife will be entitled to be repaid the full amount out of the other assets of the husband; for these gifts are good against the representatives of the husband; and even he himself, since they are of the nature of paraphernalia, cannot dispose of them after his death, but only during his lifetime.

To apply these principles to the circumstances of the present case. All the gifts made by the husband to the wife since the marriage, including the watch, and excluding her personal apparel, belong to the creditors, and must be inventoried as a part of his estate divisible among them, if they insist upon their extreme right, as I should hope they will not. In regard to the mourning rings given by third persons to the wife since her marriage, they are, from their very nature and character, purely personal, and for her sole and separate use, as memorials of the dead, and also of the affection of the living. They are sacred, and cannot be touched either by the husband or by his creditors. In regard to the watches of the petitioner's sons, if given to them by persons other than their parents. there is no doubt, that they can retain them. If given to them by their father, then the question will depend upon circumstances. If the gift is appropriate and suitable to their condition in life, it will be the property of the sons. If, however, the gift is an unsuitable one, one which the circumstances of the father will not justify, then, in legal contemplation, it is no gift at all; but the transaction will give rise to a suggestion of fraud, and the creditors can take them. · I know of no rule of law or of equity, which denies to a parent the right to make gifts to his children, which are proper and suitable in his circumstances and condition;. but if they are not so, the father being insolvent, and the gifts being large, then they enure to the benefit of the creditors, even although there was no intention on the part of the father to defraud.

.Upon a statement by the counsel for the petitioner, that the petitioner was insolvent at the time when the watches were purchased—

STORY, Circuit Justice, said: That makes a· difference in the present case. An insolvent person has no right to spend much in articles of mere ornament for his children. But here the assignee can only claim the amount which was paid by the petitioner towards the purchase of his sons' watches. The property is in the children, but the amount, which the father has paid for them, must be paid to the assignee. If it be not paid, the assignee can petition the court, setting forth the facts, and asking for a sale of the watches, unless· they are redeemed by a payment of what the father advanced in their purchase:

The following order was thereupon directed to be certified to the district court:

1. That the petitioner is entitled to an allowance of the said sum of one hundred and twenty-six dollars, or any part thereof, solely in virtue of the third section of the act of congress of the 16th of August last past, establishing a uniform system of bankruptcy, and as a part and parcel of the allowance thereby required to be designated and set apart by the assignee as necessaries for the said bankrupt, not exceeding in value and amount the sum of three hundred dollars; and is not otherwise entitled to the same. But the assignee is at liberty to make such reasonable allowance to the bankrupt for the custody and safe keeping of his property, between the time of filing of his petition for the benefit of the act and the assignee's demanding and receiving the same under the proceedings in bankruptcy, as the assignee might reasonably make and allow to any third person for the custody and safe keeping thereof.

2. That the watch of the wife, and any jewelry given to her by third persons before the marriage, or by her husband either before or since the marriage, pass to the assignee as part of the property of the bankrupt, to which his creditors are entitled. But jewelry given

by third persons to the wife since her marriage, as personal ornaments, and mourning rings given to her by third persons since the marriage, as personal memorials, belong to the wife for her sole and separate use in equity, and do not pass to the assignee under the bankruptcy for the benefit of the creditors.

3. That the watches of the sons, under the circumstances stated in the petition, belong to them as their property. But nevertheless, if the petitioner was insolvent, when he applied a part of his own money to purchase the same for his sons, he had no right so to do against the claims of the creditors; and that in equity, therefore, if the petitioner was so insolvent, the sons must account to the assignee for the amount of the money of the petitioner, so paid towards the purchase of the watches. But if the petitioner was not then insolvent, and the donation on his part was made bona fide, and the donation was suitable to his rank in life, condition, and estate, then it was good, and not within the reach of the creditors, or in fraud of their rights under the bankruptcy.

[NOTE. The assignee in this case filed a motion to extinguish proof of a debt in the form of a note upon which the bankrupt was indorser, made payable "on demand after date, with interest." No demand having been made until more than five years after it was decided that the private estate of the bankrupt was not liable for the payment of the note, which had been given in the name of a firm of which the bankrupt had been a member, the proof was expunged. Case No. 5,691.]